THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JEFFREY CUMMINGS-AVILA,**

    Petitioner,

v.

**UNITED STATES OF AMERICA,**

    Respondent.

**Civil No. 17-1108 (ADC)**
[Related to Crim. No. 12-CR-426-1 (ADC)]

## OPINION AND ORDER

Petitioner Jeffrey Cummings-Ávila brings a petition pursuant to 28 U.S.C. § 2255 to vacate or set aside his convictions. **ECF No. 1.** The United States filed a response in opposition. **ECF No. 11.** For the reasons that follow, the petition is **DENIED**. **ECF No. 1.**

## I. Background

On November 28, 2012, a Superseding Indictment was filed by the United States charging petitioner with possession with intent to distribute heroin (Count One), possession with intent to distribute cocaine base ("crack") (Count Two), possession with intent to distribute cocaine (Count Three), possession with intent to distribute marijuana (Count Four), possession of a machine-gun (Count Five), possession of firearms in furtherance of a drug trafficking crime (Count Six), conspiracy to possess with intent to distribute controlled substances (Count Seven), and conspiracy to possess firearms in furtherance of a drug trafficking crime (Count Nine). 12-CR-426ADC, ECF No. 58. Counts One through Four and Seven also alleged that the charged acts took place within 1,000 feet of a protected location, which doubled the statutory maximum sentence for each count. On June 14, 2013, a jury found petitioner guilty on all counts. **12-CR-**

**426ADC, ECF No. 728.** Petitioner was sentenced to 120 months as to Counts 1-5, 7, and 9, to be served concurrently, and 360 months as to Count 6 to be served consecutively. **12-CR-426ADC, ECF No. 1026.** The Honorable Jose A. Fusté presided over the trial and sentencing.

## II. Legal Standard

### A. Apprendi

The Supreme Court's holding in *Apprendi v. New Jersey* requires that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). However, courts have consistently held that the *Apprendi* doctrine does not apply to defendants who are sentenced to terms less than the otherwise applicable statutory maximum. *United States v. Collazo-Aponte*, 281 F.3d 320, 324 (1st Cir. 2002).

A preserved *Apprendi* claim is subject to harmless error review, under which "the government must prove that the error was harmless beyond a reasonable doubt, or, put another way, that it can fairly be said beyond any reasonable doubt that the assigned error did not contribute to the result of which the appellant complains." *United States v. Harakaly*, 734 F.3d 88, 95 (1st Cir. 2013) (internal citation omitted).

### B. Due Process

A criminal indictment is sufficient if it "contains the elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and enables[]him to enter a plea without fear of double jeopardy." *United States v. Ford*, 839 F.3d 94, 104 (1st Cir.

2016). A criminal indictment violates the Fifth Amendment's due process clause when, inter alia, it fails to give the defendant fair notice of the charges against him or contains a count which is duplicitous. A duplicitous indictment consists of "the joining in a single count of two or more distinct and separate offenses." *United States v. Verrechia*, 196 F. 3d 294, 297 (1st Cir. 1999) (citing *United States v. Martinez Canas*, 595 F.2d 73, 78 (1st Cir. 1979). In the context of conspiracy, "the allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for the conspiracy is the crime, and that is one, however diverse its objects." *United States v. Nelson-Rodríguez*, 319 F.3d 12, 31 (1st Cir. 2003) (internal citations omitted).

### C. Actual Innocence

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal citations omitted).

### D. Ineffective Assistance of Counsel

To succeed on a claim that counsel was constitutionally ineffective, "[p]etitioner must first show that his counsel's 'performance was deficient,' and he must then show that 'the deficient performance prejudiced the defense.'" *Williams v. United States*, 858 F.3d 708, 715 (1st Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

"The first requirement necessitates a demonstration that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment." Id. (citation and internal quotation marks omitted). Nonetheless, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. (citations and internal quotation marks omitted).

As to prejudice, petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688. In limited circumstances which were delineated in *United States v. Cronic*, 466 U.S. 648 (1984), the court "permits a presumption of prejudice if an actual or constructive denial of counsel occurs during a critical stage of the trial". *Fusi v. O'Brien*, 621 F.3d 1, 6 (1st Cir. 2010). *Cronic* "applies where the defendant has demonstrated that the attorney's failure was complete. In other words, the circumstances leading to counsel's ineffectiveness must be so egregious that the defendant was in effect denied any meaningful assistance at all." *United States v. Theodore*, 468 F.3d 52, 56 (1st Cir. 2006) (internal citations omitted).

### III. Analysis

#### A. Apprendi Claim - Counts One Through Four

Count One through Four of the superseding indictment charged petitioner with possession with intent to distribute heroin, crack, cocaine, and marijuana, respectively, within 1,000 feet of a protected location. Due to the addition of the protected location element, the maximum statutory penalty for Counts One through Three was increased from 20 years to 40 years and for Count Four was increased from 5 years to 10 years. Petitioner alleges that his

convictions on these counts violate *Apprendi* because the judge omitted the protected location element from his instructions to the jury.

As a preliminary matter, the *Apprendi* rule does not apply to Counts One through Three because petitioner was sentenced to ten years-less than the statutory maximum that would apply without a protected location finding. *United States v. Collazo-Aponte*, 281 F.3d 320, 324 (1st Cir. 2002). As to Count Four, petitioner was sentenced to ten years, a sentence which would not be available without the protected location finding. Accordingly, the Court shall proceed with *Apprendi* analysis only as to Count Four.

The government concedes that the jury instructions as to Count Four did not reference the protected location element. However, it argues that *Apprendi* was not violated because the jurors were given a paper copy of the Superseding Indictment to refer to, which did contain the protected location language, and because the Court instructed the jury on the meaning of protected location during the instructions for Count Seven. **12-CR-426ADC, ECF Nos. 58; 1186, 87:9-23.** The Court disagrees, and finds that *Apprendi* was violated when the Court sentenced petitioner to ten years without instructing the jury as to the protected location factor.

The government also argues even if it constituted a violation of *Apprendi*, the omission of the protected location element was harmless error. The Supreme Court addressed harmless error review for an omitted element in *Neder v. United States*, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), describing the inquiry as whether it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *Id*. at 18, 119 S.Ct. 1827.

The Court held that "[i]n this situation, where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless." *Id*. at 17, 119 S.Ct. 1827. *United States v. Pizarro*, 772 F.3d 284, 297–98 (1st Cir. 2014).

The government presented overwhelming evidence, including video surveillance, demonstrating that the drug point was located within 1,000 feet of a protected location. In fact, the jury was instructed and found the protected location element met as to Count Seven. **12- CR-426ADC, ECF Nos. 728; 1186, 87:9-23.** The government also presented extensive testimony that petitioner stored marijuana for the drug point in his apartment; delivered marijuana to the drug point; and sold marijuana at the drug point. **12-CR-426ADC, ECF No. 1174, 40:105** (110 baggies of marijuana seized in petitioner's apartment); **ECF Nos. 1176, 40; 1777, 43:15; 1777, 45:10-15** (petitioner delivered drugs from his home to the drug point); **ECF. No. 1179, 61:15-16** (petitioner delivered marijuana to drug point); **ECF Nos. 1776, 90:1-2**; 1182, 70:8-10; 1177, 62:21 (marijuana was sold at drug point); ECF Nos. 1176, 104; 1179, 68:12 (petitioner sold drugs at drug point).

Having reviewed the record, it is clear beyond a reasonable doubt that the jury would have found petitioner guilty had the protected location element been included in the jury instructions. Accordingly, the Court finds that failure to instruct on the protected location element as to Count Four is harmless.

### B.　Due Process - Count Seven

Petitioner next argues that Count Seven is duplicitous, and that his conviction therefore violates due process. Count Seven charged petitioner with conspiracy to possess with intent to distribute controlled substances in a protected location, and includes allegations as to several different controlled substances. **12-CR-426ADC, ECF No. 58.** Petitioner argues that Count Seven includes allegations as to multiple crimes. However, Count Seven charges petitioner with only one crime: conspiracy. The fact that the Count refers to different ends within the conspiracy, which involved different controlled substances, does not render it duplicitous: "the allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for the conspiracy is the crime, and that is one, however diverse its objects." *United States v. Nelson-Rodríguez*, 319 F.3d 12, 31 (1st Cir. 2003). Petitioner cites to *United States v. Barnes*, 158 F.3d 662, 668 (2nd Cir., 1997), which held that when a jury returns a general verdict on a conspiracy charge involving multiple drugs types, the defendant must be sentenced as if the jury convicted only as to the drug with the lowest penalty. However, there was no general verdict here: the verdict form asked the jury to determine a minimum drug amount as to heroin, crack, cocaine, and marijuana, and they did so. **12-CR-426ADC, ECF No. 728.** Accordingly, the Court finds that Count Seven was not duplicitous.

Petitioner also alleges that Count Seven did not give petitioner proper notice of the charges against him because it "failed to identify a time period" for the offenses and he was therefore "required to guess" which offenses were covered. **ECF No. 1.** The indictment stated

that the charged conspiracy began "not later than in or about 2000" through the date of the indictment in 2012, and went on to provide details about the object, manner and means of the conspiracy, as well as the role of petitioner and other conspirators. **12-CR-426ADC, ECF No. 58.** Having reviewed the Superseding Indictment, the Court finds that Count Seven "contains the elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and enables him to enter a plea without fear of double jeopardy", and therefore did not violate due process. *Ford*, 839 F.3d at 94; see also *United States v. Morris*, 700 F.2d 427, 429 (1st Cir. 1983) ("Where a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required.").

### C. Actual Innocence Claim - Count Six

Petitioner alleges that he is actually innocent of Count Six, which charged him with possessing firearms in furtherance of a drug trafficking crime. Specifically, petitioner argues that there is no nexus between the firearms discovered in his home and a drug crime. Petitioner argues that relying merely on the fact that both drugs and firearms were found in his home is insufficient. However, even assuming that petitioner is correct about the proximity between the drugs and guns found in his home, the jury did not have to rely on this fact alone. The trial record reveals ample evidence that petitioner used a firearm in furtherance of a drug crime, including the testimony of at least two witnesses. **12-CR-426ADC, ECF Nos. 1176, 110:12-13; 1179, 40:2-3, 41:4.** Accordingly, petitioner has failed to show that "it is more likely than not that

no reasonable juror would have convicted him" as to Count Six. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

### D. Ineffective Assistance of Counsel

Petitioner alleges ineffective assistance of counsel on five grounds. First, petitioner invokes *United States v. Cronic*, 466 U.S. 648 (1984), which "permits a presumption of prejudice if an actual or constructive denial of counsel occurs during a critical stage of the trial". *Fusi v. O'Brien*, 621 F.3d 1, 6 (1st Cir. 2010). *Cronic* "applies where the defendant has demonstrated that the attorney's failure was complete. In other words, the circumstances leading to counsel's ineffectiveness must be so egregious that the defendant was in effect denied any meaningful assistance at all." *United States v. Theodore*, 468 F.3d 52, 56 (1st Cir. 2006) (internal citations omitted). Petitioner does not allege that his counsel failed to appear or was not appointed at any critical stage of the proceeding. Instead, petitioner contends that he was constructively denied counsel by his attorney's failure to participate. However, a review of the record shows that petitioner's counsel did participate in proceedings, including through cross-examination and objections. Accordingly, petitioner's ineffective assistance claim under *Cronic* fails.

Petitioner also makes ineffective assistance arguments under *Strickland*. First, petitioner alleges ineffective assistance of counsel for the failure to object to the jury instructions as to Counts One to Four, which omitted mention of the protected location finding. The Court finds that counsel's performance was deficient in failing to object to these instructions. However, petitioner's claim fails at the prejudice prong of the Strickland test. As the Court has found at

Section III.A., *supra*, that the *Apprendi* violation was harmless error, defendant was not prejudiced by counsel's failure to object: had the proper instruction been included, petitioner still would have been convicted and subject to the same ten year statutory maximum. Therefore, petitioner has not shown a "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

Finally, petitioner allege ineffective assistance of counsel as to his due process and actual innocence claims. As the Court has determined at Section III. B and C, supra, that these claims are meritless, petitioner's counsel's performance was not deficient when he failed to raise these issues.

Accordingly, petitioner did not receive ineffective assistance of counsel.

## IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C.A. § 2255. To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As petitioner has made out a case showing a violation of *Apprendi*, a certificate of appealability is **GRANTED**.

## V. Conclusion

Petitioner's Motion to Set Aside, Vacate, or Correct Sentence is **DENIED** and the Court **GRANTS** a certificate of appealability. The Clerk of the Court shall enter judgment accordingly.

**SO ORDERED**

At San Juan, Puerto Rico, on this 30th day of March, 2020.

                                                   **S/AIDA M. DELGADO-COLÓN**
                                                 **United States District Judge**